

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 7361 |
| ) | |
| ASTELLAS US LLC EMPLOYEE ) | Judge Ruben Castillo |
| BENEFIT PLAN AND LIFE INSURANCE ) | |
| COMPANY OF NORTH AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Janice Richardson ("Plaintiff") brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, seeking to recover short-term disability ("STD") benefits and long-term disability ("LTD") benefits under a plan maintained by her former employer, Astellas US LLC ("Astellas"), and underwritten by the Life Insurance Company of North America ("LINA"). (R. 1, Compl.) The parties have settled a portion of their dispute, and as a result Plaintiff has voluntarily dismissed her claim for STD benefits. (R. 33, Agreed Stip. to Dismiss.) Remaining before the Court is LINA's motion to dismiss Plaintiff's claim for LTD benefits based on a failure to exhaust administrative remedies (R. 13), and LINA's motion to strike Plaintiff's jury demand. (R. 16.) For the reasons stated below, the motions are granted.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiff was employed by Astellas as a full-time clinical data associate. (R. 1, Compl. ¶ 10.) On March 17, 2006, she was involved in a car accident and suffered significant thoracic

1

and cervical injuries. (*Id.*) Plaintiff eventually returned to work on a part-time basis, but thereafter ceased working altogether. (*Id.* ¶ 11.)[1] She applied for STD benefits under the Astellas US LLC Employee Benefit Plan (the "Plan"), but her application was denied on November 7, 2007. (*Id.*) Through her attorney, she appealed this decision on March 19, 2008, but LINA refused to alter its decision. (*Id.*) Plaintiff again appealed through her attorney on October 30, 2008, and provided additional medical evidence in support of her claim. (*Id.*) In the appeal letter, Plaintiff's attorney also asserted that Plaintiff was entitled to LTD benefits.[2] (R. 15, LINA's Mem. in Supp. of Mot. to Dismiss, Ex. 1.) In a footnote, Plaintiff's attorney acknowledged that a formal application for LTD benefits had not been submitted, stating: "If additional claim forms need to be supplied in relation to long-term disability, please provide us with such documentation although it should be unnecessary given the information already provided." (*Id.* at 1 n.1.) Plaintiff alleges that no such forms were provided to her. (R. 1, Compl. ¶ 11.) LINA subsequently denied her appeal. (*Id.*)

Plaintiff thereafter brought this action, claiming that LINA's denial of benefits had "no rational support in the evidence," and was contrary to the assessments of physicians who have evaluated her. (*Id.* ¶ 17.) She further alleged that she exhausted all administrative remedies with respect to her claim for LTD benefits, or alternatively, that doing so would be futile "since LINA

---

[1] The complaint erroneously contains two Paragraph 11's and no Paragraph 12. (*See* R. 1, Compl. ¶¶ 10-13.)

[2] LINA has attached a copy of the administrative appeal letter drafted by Plaintiff's counsel (the same attorney representing her in this proceeding) in support of its motion to dismiss. (R. 15, LINA's Mem. in Supp. of Mot. to Dismiss, Ex. 1.) Because the letter is referenced in Plaintiff's complaint, is central to Plaintiff's claims, and its authenticity is undisputed, the letter may be considered by the Court without converting the motion to dismiss into one for summary judgment. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

had refused repeated efforts to secure short-term disability benefit payments." (*Id.* ¶ 15.)

On April 17, 2009, the parties advised the Court that they reached a settlement of Plaintiff's STD claim. (R. 33, Agreed Stip. to Dismiss.) Plaintiff's claim for LTD benefits remains pending.[3] (*See id.*) LINA moves to dismiss, arguing that Plaintiff did not exhaust her administrative remedies because she never formally applied for LTD benefits or appealed the denial of such a claim. (R. 15, LINA's Mem. in Supp. of Mot. to Dismiss at 2.) LINA also moves to strike the jury demand contained in the complaint, arguing that Plaintiff's claim is equitable in nature and she therefore has no right to a jury trial. (R. 16, LINA's Mot. to Strike at 1-2.)

## ANALYSIS

### I. Motion to Strike

The Court turns first to the more straightforward issue: Whether Plaintiff has a right to a jury trial in this action. LINA argues that Plaintiff's jury demand should be stricken because her claim is equitable in nature. (R. 16, LINA's Mot. to Strike.) The Court agrees. The Seventh Circuit has long held that a claim for benefits under ERISA is an equitable claim for which there is no right to a jury trial. *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998); *Wardle v. Central States, Southeast & Southwest Area Pension Fund*, 627 F.2d 820, 82 (7th Cir. 1980). Plaintiff nevertheless argues that the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), compels a finding that she is entitled to a jury

---

[3] As part of the settlement, LINA also agreed to withdraw its argument, raised in the motion to dismiss, that it is not a proper defendant on the LTD claim. (R. 33, Agreed Stip. to Dismiss at 2.) Plaintiff, the Plan, and LINA jointly stipulated to LINA being named as the sole defendant with respect to Plaintiff's claim for LTD benefits, and accordingly, the Plan has been terminated as a Defendant. (*Id.*; R. 34, Minute Entry.)

3

trial in this action. (R. 24, Pl.'s Opp. to Mot. to Strike at 1-6.)

At issue in *Great-West* was an ERISA plan that required beneficiaries to reimburse the plan if they recovered money from a third party. *Great-West*, 534 U.S. at 207. The beneficiary, Knudson, was injured in a car accident and her medical expenses were covered by Great-West. *Id.* She later sued the car company and recovered $650,000 in a settlement agreement. *Id.* Great-West then sued her under Section 502(a)(3) of ERISA to compel her to pay a portion of this money to the plan. *Id.* at 208. The Supreme Court determined that Great-West could not proceed under Section 502(a)(3), because that Section only allows claims for equitable relief, whereas Great-West was seeking money damages, the "classic form of legal relief." *Id.* at 210. In Plaintiff's view, because she---like the plaintiff in *Great-West*---is seeking money damages, her claim is one for legal relief and she is therefore entitled to a jury trial. (R. 24, Pl.'s Opp. to Mot. to Strike at 2-3.)

Numerous courts in this District have rejected such an expansive reading of *Great-West*. *See, e.g., Walker v. Life Ins. Co. of N. Am.*, No. 08-6768, 2009 WL 561834 (N.D. Ill. Mar. 2, 2009); *George v. Kraft Foods Global, Inc.*, No. 07-1713, 2008 WL 780629, (N.D. Ill. Mar. 20, 2008); *Jetseck v. Prudential Ins. Co. of Am.*, No. 07-3752, 2007 WL 3449031 (N.D. Ill. Nov. 15, 2007). As these courts noted, nowhere in the *Great-West* opinion did the Supreme Court address the right to a jury trial under ERISA. Furthermore, the plaintiff in *Great-West* was a plan fiduciary suing for what was in essence a breach of contract by the beneficiary, which is distinct from a claim brought by a plan beneficiary against the fiduciary challenging a benefits determination. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 218 (2004) ("[A] benefit determination under ERISA . . . is generally a fiduciary act."). This is particularly true where, as

4

here, the plaintiff is seeking declaratory and injunctive relief in the form of an order requiring the defendant to "continue paying Plaintiff benefits so long as she continues to meet the policy's terms and conditions." (*See* R. 1, Compl. at 6.) This type of relief is equitable in nature. *See generally America's Money Line, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) (declaratory judgment and injunctive relief are equitable remedies).

Moreover, the Seventh Circuit has continued to hold that jury trials are unavailable for ERISA plaintiffs after *Great-West*.[4] *See Patton v. MFS/Sun Life Fin. Distribs.*, 480 F.3d 478, 484 (7th Cir. 2007) ("the plaintiff has no right to a jury trial" in ERISA case); *McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 575-76 (7th Cir. 2007) ("[T]here is no right to a jury trial because ERISA's antecedents are equitable, not legal."). As our colleague Judge Schenkier aptly stated in rejecting an argument identical to Plaintiff's:

> [W]e are unwilling to presume that the Supreme Court in *Great-West* intended, *sub silentio*, to overturn the many appeals court decisions holding that there is no right to a jury trial under [29 U.S.C. § 1132(a)]. We are especially reluctant to do so in light of the fact that since *Great-West*, the Seventh Circuit has twice stated . . . that there is no jury trial right for ERISA claims.

*George*, 2008 WL 780629, at *5. To the extent Plaintiff believes the Seventh Circuit should re-examine its holdings in these cases and give *Great-West* a more expansive reading, this is an argument that must be addressed to the Seventh Circuit. This Court has no authority to disregard

---

[4] Plaintiff's reliance on the Seventh Circuit's recent opinion in *Mondry v. Am. Family Mutual Ins. Co.*, 557 F.3d 781 (7th Cir. 2009), is unavailing. In that case, the Seventh Circuit held that a plaintiff cannot recover monetary relief under ERISA's equitable relief provision, Section 1132(a)(3), when he is able to recover benefits under Section 1132(a)(1)(B). *Id.* at 804-05. The Court was not called to decide whether a claim for benefits under Section 1132(a)(1)(B) is a legal claim for purposes of the Seventh Amendment, or whether there is a right to a jury trial on such a claim. *See id.*

5

the settled law of this Circuit. Accordingly, the motion to strike is granted, and Plaintiff's jury demand is stricken.

## II.  Motion to Dismiss

In determining whether to grant a motion to dismiss, the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a motion to dismiss, the complaint must overcome "two clear, easy hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Although a complaint need not include detailed factual allegations, it is the plaintiff's obligation to provide the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 557.

LINA argues that Plaintiff's claim for LTD benefits must be dismissed because she has not exhausted her administrative remedies with respect to this claim. (R. 15, LINA's Mem. in Supp. of Mot. to Dismiss at 6.) "As a pre-requisite to filing suit, an ERISA plaintiff must exhaust his internal administrative remedies." *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 679 (7th Cir. 2002). Exhaustion serves several purposes: "[T]he plan's own review process may resolve a certain number of disputes; the facts and the administrator's interpretation of the plan may be clarified for the purposes of subsequent judicial review; and an exhaustion requirement encourages private resolution of internal employment disputes." *Stark v. PPM Am.*,

*Inc.*, 354 F.3d 666, 671 (7th Cir. 2004). The Seventh Circuit has recognized only to exceptions to the exhaustion requirement: (1) where there has been a lack of meaningful access to review procedures; or (2) where exhaustion of internal remedies would be futile. *Hess v. Reg-Ellen Mach. Tool Corp. Employee Stock Ownership Plan*, 502 F.3d 725, 729 (7th Cir. 2007); *Stark*, 354 F.3d at 671. The decision whether to require exhaustion is committed to the Court's sound discretion. *Stark*, 354 F.3d at 671.

Plaintiff acknowledges that she did not file a formal claim for LTD benefits, or proceed with administrative review of that claim, but nevertheless argues that both exceptions to the exhaustion requirement apply here. (R. 25, Pl.'s Opp. to Mot. to Dismiss at 2.) First, she argues that "she was not even given the chance to apply for [LTD] benefits" because her attorney requested documents needed to make a claim in the October 30, 2008, appeal letter, but no such documentation was ever provided by LINA. (*Id.* at 3.) An attorney's letter can be sufficient to initiate an ERISA claim if a reasonable procedure for filing claims has not been established. *Powell v. AT&T Comms., Inc.*, 938 F.2d 823, 827 (7th Cir. 1991). The content of the letter must be reasonably calculated to alert the employer to the nature of the claim and the request for administrative review. *Id.* Here, Plaintiff has not shown that LINA did not have a reasonable procedure available for filing a formal claim for LTD benefits. The fact that Plaintiff was able to file a formal claim for STD benefits, and obtain various levels of administrative review of LINA's benefits determination, belies any suggestion that no such formal procedure was available to her. Moreover, counsel's letter made only a cursory reference to LTD benefits in the course of an 11-page appeal letter addressing Plaintiff's eligibility for STD benefits. (R. 15, LINA's Mem. in Supp. of Mot. to Dismiss, Ex. 1.) Burying a vague request for claim forms in a

footnote (of which there were a total of 14 in the 11-page letter) does not seem reasonably calculated to inform LINA that Plaintiff wished to purse a formal claim for LTD benefits. *See Powell*, 938 F.2d at 827 (request for information not sufficient to alert employer that plaintiff wanted to pursue claim); *Boyle v. Liberty Mutual Ins. Co.*, No. 06-3916, 2008 WL 4717170 (N.D. Ill. May 8, 2008) (generally worded attorney letter insufficient); *Segerdahl v. The Segerdahl Corp. Empl. Stock Ownership Plan*, No. 05-4690, 2006 WL 1030195 (N.D. Ill. Apr. 17, 2006) (request for information not sufficient). For these reasons, the Court declines to excuse Plaintiff's failure to exhaust on this ground.

Plaintiff alternatively argues that her failure to exhaust should be excused because filing an application for LTD benefits would have been futile in light of the fact that her claim for STD benefits was denied. (R. 25, Pl.'s Opp. in Mot. to Dismiss at 3-4.) For a party to come within the futility exception, he must show "that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Zhou*, 295 F.3d at 680. When a party has proffered no facts indicating that the administrative review procedure will not work, the futility exception does not apply. *Id.* Here, Plaintiff has not shown that it is *certain* the claim for LTD benefits would be denied, only that she doubts it would be granted since her claim for STD benefits was denied. (*See* R. 25, Pl.'s Opp. in Mot. to Dismiss at 3-4.) This is akin to an argument that an administrative appeal would be futile because the same decision-maker is deciding both the initial application and the appeal---an argument that has been rejected by the Seventh Circuit. *See Stark*, 354 F.3d at 671-72; *Robyns v. Standard Life Ins. Co.*, 130 F.3d 1231, 1238 (7th Cir. 1997). If claimants were allowed to skip the administrative process under those circumstances, the administrative review process would be rendered meaningless. *See Stark*, 354

F.3d at 672.

The Court does not consider it a certainty that a claim for LTD benefits would be denied. LINA asserts that it is ready and willing to consider Plaintiff's claim for LTD benefits, and LINA's willingness to reach a compromise of Plaintiff's claim for STD benefits suggests to this Court that it is proceeding in good faith, and not simply trying to delay Plaintiff's receipt of benefits, as Plaintiff suggests. (*See* R. 15, LINA's Mot. to Dismiss at 2; R. 25, Pl.'s Opp. to Mot. to Dismiss at 4.) For these reasons, the Court declines to excuse Plaintiff's failure to exhaust based on the futility exception. The important purposes behind the exhaustion requirement, including resolving areas of dispute between the parties and distilling the issues for future judicial review, will be served by requiring exhaustion of the LTD claim.

## CONCLUSION

For the reasons articulated above, LINA's motion to strike Plaintiff's jury demand (R. 16) is granted. LINA's motion to dismiss for failure to exhaust administrative remedies (R. 15) is also granted. This case is dismissed without prejudice until all of Plaintiff's administrative remedies are exhausted.

ENTERED: _/s/ Ruben Castillo_

Judge Ruben Castillo
United States District Court

Dated: April 23, 2009